IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20824
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO EDWAR CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-656-2
--------------------
August 28, 2002

Before HIGGINBOTHAM, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ricardo Edwar Cruz is appealing his convictions for conspiracy, aiding and abetting possession with intent to distribute cocaine, and aiding and abetting importation of cocaine. Cruz argues that the district court erred in denying his motion to suppress evidence seized from his person because there was no probable cause to arrest him and the agents did not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have a reasonable suspicion that he was engaging in criminal activity at the time that he was detained.

The initial search of Cruz's cabin on the ship at the border did not require probable cause or even an articulable suspicion by authorities.  See United States v. Cardenas, 9 F.3d 1139, 1147 (5th Cir. 1993).  The evidence, viewed in the light most favorable to the Government, showed to a reasonable certainty that Cruz was in possession of the drugs at the time that he crossed the border and that he retained possession of the drugs until his detention.  The information obtained from the captain and the evidence discovered during the routine border search were sufficient to raise a reasonable suspicion justifying the surveillance of Cruz and the extended border search.  See id.; United States v. Hopes, 286 F.3d 788, 788 (5th Cir. 2002), petition for cert. filed, (U.S. June 24, 2002) (No. 02-5005). Because the evidence was seized as a result of a valid extended border search, the district court did not err in denying the motion to suppress.

The search was also properly conducted as a patdown search for weapons in connection with a valid stop.  See Terry v. Ohio, 392 U.S. 1, 27 (1968).  Cruz's conviction is AFFIRMED.