**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4738**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellant,

   v.

MICHAEL IBANGA,

          Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter D. Kelley, Jr., District Judge. (2:04-cr-00227-WDK)

_____

Argued: March 21, 2008          Decided: April 1, 2008

_____

Before NIEMEYER and MICHAEL, Circuit Judges, and C. Arlen BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ARGUED:** Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant. Trey Robert Kelleter, VANDEVENTER & BLACK, L.L.P., Norfolk, Virginia, for Appellee. **ON BRIEF:** Chuck Rosenberg, United States Attorney, Alexandria, Virginia, Laura M. Everhart, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal by the government arises out of a drug trafficking and money laundering prosecution of a group of individuals that included Michael Ibanga. The jury convicted Ibanga of conspiracy to launder money and acquitted him of the drug trafficking charges. Nonetheless, the district court found at sentencing that the government had proven by a preponderance of the evidence that Ibanga had trafficked in 124.03 grams of methamphetamine (meth). Although acquitted conduct proven by a preponderance of the evidence may be taken into account in sentencing, the district court sentenced Ibanga to a prison term that did not reflect any drug trafficking. The government appeals Ibanga's sentence, arguing that the district court contravened 18 U.S.C. § 3661 by categorically refusing to consider acquitted conduct -- Ibanga's drug trafficking found by the court -- in determining his sentence. Because it appears that the district court applied a standard that would categorically exclude consideration of acquitted conduct in every case, we vacate Ibanga's sentence and remand for resentencing.

I.

On January 27, 2005, a grand jury sitting in Norfolk, Virginia, returned a superseding indictment charging Ibanga, among others, with conspiring to distribute and possess with intent to

2

distribute 50 grams or more of meth and 500 grams or more of a substance containing meth (count 1); conspiring to conduct financial transactions involving the proceeds of meth distribution (count 2); conducting a financial transaction involving the proceeds of an unlawful activity (count 19); distribution of approximately 20.1 grams of meth (count 28); aiding and abetting the possession of approximately one kilogram of a substance containing meth with intent to distribute (count 36); and aiding and abetting the possession of approximately 500 grams of a substance containing meth with intent to distribute (count 48). After a jury trial Ibanga was convicted of conspiracy to launder money (count 2) and acquitted on all other counts.

Under U.S.S.G. § 2S1.1 the base offense level for a money laundering conviction is established by using the underlying offense that produced the laundered funds if the defendant committed the underlying offense. Here, the underlying offense was drug trafficking, but the jury acquitted Ibanga on the drug trafficking counts. Nevertheless, acquitted conduct may be used at sentencing if the sentencing court finds the conduct has been established by a preponderance of the evidence. United States v. Watts, 519 U.S. 148, 157 (1997). Based upon the trial testimony, the presentence report (PSR) recommended attributing 7.67613 kilograms of trafficked meth to Ibanga and therefore assigned a base offense level of 38 according to U.S.S.G. § 2D1.1(c), the drug

3

trafficking quantity table. The PSR also recommended a two-step increase in offense level for possession of a dangerous weapon, a two-step increase for the money laundering conviction, and a three-step increase for Ibanga's supervisory role in the offense. The PSR assigned Ibanga a criminal history category of II based upon several recent driving offenses.

The district court engaged in an exhaustive sentencing effort, conducting three sentencing hearings and holding several off-the-record status conferences. Of the co-conspirators who testified at trial, the district court found only John Gelardi to be credible; and, based on Gelardi's testimony, found, by a preponderance of the evidence, that 124.03 grams of meth were attributed to Ibanga. The court also found that Ibanga was a minor player in the conspiracy and sustained Ibanga's objection to the sentencing enhancement for having a supervisory role in the offense. Finally, the court sustained Ibanga's objection to the firearm possession enhancement and reduced his criminal history category to I.

After these findings and adjustments made by the district court were taken into account, the resulting Guidelines range was a sentence of 151 to 188 months in prison. The district court asked the probation officer to calculate the Guidelines range without considering the acquitted conduct (the 124.03 grams of trafficked meth), and this calculation produced a range of 51 to 63

4

months. The court then confined itself to the 51 to 63 months range, noting that sentencing based upon acquitted conduct "makes the constitutional guarantee of a right to a jury trial quite hollow." J.A. 1515. In considering the 18 U.S.C. § 3553(a) factors, the court found that Ibanga's religious conversion and "model" behavior since being released on bond seemed "quite genuine." J.A. 1516-17. This conduct, the court determined, alleviated any concern about the need to protect the public with a longer sentence. However, the court also described Ibanga's money laundering activities as "very serious" and found no reason to depart from the Guidelines range (51 to 63 months) that did not include acquitted conduct. J.A. 1517. The court imposed a sentence of 55 months. In a written opinion issued after the notice of appeal was filed, the district court further explained its reasoning, stating that sentencing based upon acquitted conduct would not promote respect for the law as it would thwart the historic roles of the jury as finder of fact, protector against government overreaching, and arbiter of guilt or innocence. The government appeals Ibanga's sentence, contending that the district court violated 18 U.S.C. § 3661 by applying a standard that would categorically exclude the consideration of acquitted conduct at sentencing.

II.

Since Ibanga was sentenced, the Supreme Court has issued opinions clarifying the appropriate procedures and standards for federal sentencing and the appellate review of sentences. In Gall v. United States, 128 S. Ct. 586 (2007), the Court explained that:

> a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. . . . After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

Id. at 596-97 (citations omitted); see also Kimbrough v. United States, 128 S. Ct. 558, 564, 570 (2007) (While a district court must "include the Guidelines range in the array of factors warranting consideration" and "give respectful consideration to the Guidelines," it "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." (alteration in original) (quotation marks omitted)).

An appellate court reviews any sentence, whether inside or outside the Guidelines range, "under a deferential abuse-of-

6

discretion standard." <u>Gall</u>, 128 S. Ct. at 591. The reviewing court must first ensure that the sentencing court did not commit a significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) sentencing factors, or neglecting to explain adequately the sentence imposed. <u>Id.</u> at 597. If the sentence is procedurally sound, the appellate court then considers the substantive reasonableness of the sentence under an abuse of discretion standard, "giv[ing] due deference to [a] District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." <u>Id.</u> at 597, 602.

Section 3661 of Title 18 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This information includes acquitted conduct proven by a preponderance of the evidence. <u>See</u> <u>Watts</u>, 519 U.S. at 151-57.

The district court conducted Ibanga's sentencing proceedings with great deliberation, but the court committed significant procedural error, <u>see</u> <u>Gall</u>, 128 S. Ct. at 597, by categorically excluding acquitted conduct from the information that it could consider in the sentencing process. Therefore, we vacate

7

Ibanga's sentence and remand for resentencing in accordance with the guidance provided by <u>Gall</u> and <u>Kimbrough</u>.

<u>VACATED AND REMANDED</u>