DENNIS, Circuit Judge,
specially concurring and concurring in the judgment:
1.
I fully concur in the majority’s affir-mance of the defendant’s conviction for the possession charges related to the May 5, 2005 warrantless search. The issue is controlled by New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).[1] I concur specially because I do not subscribe to the majority’s reliance upon Justice Kennedy’s concurring opinion in Florida v. J.L., 529 U.S. 266, 276, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (Kennedy, J., concurring) as justification for characterizing the informant’s anonymous phone call that led to the January 6, 2006 warrantless search as a readily traceable and therefore reliable tip.
Citing Justice Kennedy’s concurring opinion, the majority agrees with the government that the informant’s tip was not anonymous simply because the police department’s caller identification technology could determine that the phone used by the informant was located in a local motel. That assumes too much in this case in which the anonymous call to police came from a phone at an undisclosed location in the motel. Without additional evidence arguably linking the phone to a particular person, police knowledge that the call originated from the motel does not ex ante increase the reliability of the informant’s tip. Equally unwarranted is the assumption in the majority opinion’s footnote 5 that anonymous calls are now generally reliable because of the pervasiveness of caller identification technology. This assumption has not been demonstrated to be well founded, and if followed would drastically and unrealistically narrow the scope of anonymous tips that be should considered unreliable unless further corroborated.
Instead of adopting any bright line rule, courts must examine the factual circumstances surrounding each anonymous phone tip to determine whether the police reasonably could have considered it to be sufficiently reliable information as a basis for their actions. See United States v. Villalobos, 161 F.3d 285, 288 (5th Cir.1998) (“[S]ince ‘reasonable suspicion’ is a fact-intensive test, each case must be examined from the totality of the circumstances known to the agent, and the agent’s experience in evaluating such circumstances.”) *418 (internal quotation omitted). Reasonable police conduct requires that they examine the surrounding factual circumstances of an anonymous call to determine if there is a sufficient factual basis for the police to know ex ante that a phone number, combined with other facts given in the call, is sufficient information for the police to locate the caller and hold him accountable for any false information provided. See United States v. Hopes, 286 F.3d 788, 789-90 (5th Cir.2002) (noting the importance of “accountability” in determining whether a tip is anonymous). Justice Kennedy in his concurring opinion in J.L. did not endorse the broad assumption of anonymous caller reliability the majority advocates; instead, he suggests that caller identification technology may bolster the reliability of anonymous tips if there are facts to suggest the police are able to use the phone number to find the informant. See J.L., 529 U.S. at 276, 120 S.Ct. 1375 (Kennedy, J., concurring) (“[T]the ability of the police to trace the identity of anonymous telephone informants may be a factor which lends reliability to what, years earlier, might have been considered unreliable anonymous tips.”). The government does not provide any evidence in the record that the police knew facts ex ante that the phone number would ultimately lead them to the anonymous informant.
While I would find the call anonymous, other important fact-specific indices of reliability are found in this case. First, the informant’s call did not deal with general criminality but concerned a serious and specific contemporaneous emergency event. See United States v. Terry-Crespo, 356 F.3d 1170, 1176 (9th Cir.2004). The victim was allegedly just threatened with his life and a dangerous suspect was still in the victim’s vicinity. Second, as noted by the majority, the informant was the alleged victim, which renders a tip more reliable. This is a very close ease, but considering the specific facts in this case, I ultimately concur in the judgment that the police, in the totality of the circumstances, had sufficient reasonable suspicion to conduct the search.
2.
I also concur in the majority’s affir-mance of the district court’s sentence under the plain error standard of review. However, I am greatly troubled that a district court can use conduct acquitted by a jury for a sentence enhancement that significantly increases a sentence beyond that the defendant would have obtained had he been convicted by the jury for that same conduct. Nevertheless, despite strong reasons against the use of acquitted conduct in this way, see, e.g., United States v. Ibanga, 454 F.Supp.2d 532 (E.D.Va.2006), vacated, United States v. Ibanga, 271 Fed.Appx. 298, 2008 WL 895660, at *3 (4th Cir. Apr. 1, 2008) (unpublished), the majority correctly concludes that the district court did not plainly err.
For these reasons, I specially concur and concur in the judgment.

. Relevant to this case, the Supreme Court has recently granted cert on this issue: "Does the Fourth Amendment require law enforcement officers to demonstrate a threat to their safety or a need to preserve evidence related to the crime of arrest in order to justify a warrantless vehicular search incident to arrest conducted after the vehicle's recent occupants have been arrested and secured?” in Arizona v. Gant,-U.S.-, 128 S.Ct. 1443, 170 L.Ed.2d 274 (Mem), (2008).