# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

Lyle W. Cayce
Clerk

No. 12-11204
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROSALES-MONTOYA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-133-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Rosales-Montoya was convicted of possession of a firearm by an illegal alien under 18 U.S.C. § 922(g)(5)(A) and was sentenced to serve 16 months in prison, followed by a three-year term of supervised release. He now appeals, arguing that the district court erred by denying his motion to suppress evidence. According to Rosales-Montoya, police officers did not have the requisite reasonable suspicion of criminal activity to detain him, and therefore,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the evidence found during a search of the vehicle in which he was riding should have been suppressed.

Police officers may detain a suspect if "they have reasonable suspicion that criminal activity is afoot." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). "[R]easonable suspicion must be determined in light of the totality of the circumstances confronting a police officer." *United States v. Silva*, 957 F.2d 157, 160 (5th Cir. 1992). We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010).

The record supports the district court's ruling. Officer Phillip Williams received an informational bulletin from dispatch to "be on the lookout" for a sale of guns in the Aspen Wood Apartment complex based on a telephone tip describing the suspect and providing directions to the sale's location. Officer Williams was familiar with the complex and knew it was a high-crime area. At the complex, he spoke with a person who indicated that he was the telephone informant and reiterated that a gun sale was going to take place. The informant gave a further physical description of the suspect and his companion, as well as his vehicle and the location where the sale would take place. After Officer Williams and his partner took up a position behind a building, the informant approached them and told them that the suspects were arriving. Officer Williams then observed a car matching the informant's description, and the informant indicated to Officer Williams that the suspects had arrived. During a subsequent search of the car, officers found a firearm.

Rosales-Montoya asserts that the tip was an anonymous tip that did not provide reasonable suspicion in light of *Florida v. J.L.*, 529 U.S. 266, 270 (2000). However, the informant was present at the scene and gave information that

was immediately verifiable, which supports the Government's position that the tip does not fall within the anonymous tip rubric. *See United States v. Hopes*, 286 F.3d 788, 790 (5th Cir. 2002); *see also Adams v. Williams*, 407 U.S. 143, 146 (1972). In any case, even if the tip truly were anonymous, it had sufficient indicia of reliability to justify reasonable suspicion. In addition to being present at the scene, the informant provided information that was corroborated and that accurately predicted the suspect's future behavior. *See Alabama v. White*, 496 U.S. 325, 331-32 (1990). Finally, although Rosales-Montoya contends that the intended gun sale was not per se illegal, in light of all the circumstances, it was not unreasonable for Officer Williams to suspect that criminal activity was afoot. *See Terry*, 392 U.S. at 27.

For the foregoing reasons, the judgment of the district court is AFFIRMED.