# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2013

No. 13-30202
Summary Calendar

Lyle W. Cayce
Clerk

GEORGE RAYMOND THOMAS,

Plaintiff–Appellant,

v.

TOWN OF JONESVILLE; WALTER BARBER; ELDRED ROY; X Y Z
INSURANCE COMPANY,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-408

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant George Raymond Thomas appeals the district court's grant of summary judgment in favor Defendants–Appellees Town of Jonesville, Walter Barber, Eldred Roy, and X Y Z Insurance Company (collectively, Defendants) on his federal and state claims related to his arrest on March 15, 2010. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30202

The sequence that led to Thomas's arrest began with Defendant–Appellee Officer Barber's investigatory stop of Thomas when responding to a report of a fight and a large crowd at the scene of a shooting that had occurred hours earlier. On appeal, Thomas argues that the district court erroneously determined that Officer Barber had reasonable suspicion of criminal activity sufficient to support the investigatory stop. Although Thomas's complaint does not allege that his Fourth Amendment rights were violated by Officer Barber's investigatory stop, Thomas asserts that the district court's grant of summary judgment on the claims raised in his complaint is "fatally flawed."

We reject Thomas's argument that Officer Barber did not have reasonable suspicion to perform an investigatory stop. Thomas asserts that multiple reports directly to Officer Barber by citizens at the scene that Thomas possessed a gun could not provide a basis for reasonable suspicion. This argument ignores the totality of the circumstances surrounding Officer Barber's investigatory stop of Thomas.

"Under *Terry v. Ohio*[1] and its progeny, a temporary investigative stop (a seizure of the person) is proper if the stop is based on reasonable suspicion 'that criminal activity may be afoot.'"[2] We determine whether a police officer had reasonable suspicion based on the totality of the circumstances.[3] In this case, Officer Barber and one other officer were the first responders to the scene of a murder that had occurred hours earlier following reports of a large crowd and a fight. No suspect had yet been apprehended, and the murder weapon had not been recovered. When the officers arrived, there was a crowd of dozens people.

---

[1] 392 U.S. 1 (1968)

[2] *United States v. Basey*, 816 F.2d 980, 988 (5th Cir. 1987) (quoting *Terry*, 392 U.S. at 30).

[3] *United States v. Hopes*, 286 F.3d 788, 790 (5th Cir. 2002) (citing *Alabama v. White*, 496 U.S. 325 (1990)).

No. 13-30202

A fight was taking place. By Thomas's own admission, the scene was "hectic" and "intense." As soon as the officers exited their vehicles, several bystanders, including two that Officer Barber could identify by nickname, shouted that someone in or around Thomas's vehicle "had a gun." Accordingly, Officer Barber asked Thomas to come to the back of Thomas's vehicle in order to verify whether Thomas possessed a firearm. Officer Barber then attempted to conduct a pat-down search of Thomas.

Viewed together, these facts are more than sufficient to support Officer Barber's investigatory stop of Thomas. Thomas's lone argument to the contrary—that eyewitness tips are the equivalent of anonymous tips submitted over the phone—is not persuasive. This circuit and other circuits have recognized that face-to-face reports are qualitatively different from anonymous, telephoned tips.[4] Taking into account the recent murder that occurred at the same scene, the fact that a fight was taking place, the scene's otherwise hectic and crowded nature, and the eyewitness reports that someone in Thomas's vehicle possessed a firearm, Officer Barber had reasonable suspicion to conduct the investigatory stop.[5]

\*  \*  \*

AFFIRMED.

---

[4] *E.g.*, *Hopes*, 286 F.3d at 789-90; *United States v. Heard*, 367 F.3d 1275, 1279 (11th Cir. 2004); *United States v. Valentine*, 232 F.3d 350, 354-55 (3d Cir. 2000); *United States v. Christmas*, 222 F.3d 141, 144-45 (4th Cir. 2000); *United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991); *United States v. Sierra-Hernandez*, 581 F.2d 760, 763 (9th Cir. 1978); *see also Adams v. Williams*, 407 U.S. 143, 146 (1972).

[5] *See Hopes*, 286 F.3d at 789-90; *United States v. Sanders*, 994 F.2d 200, 207-10 (5th Cir. 1993) (holding that the holding at gunpoint and handcuffing of a reportedly "suspicious" person with a gun was permissible under *Terry*); *see also United States v. Conner*, 699 F.3d 1225, 1230-32 (10th Cir. 2012) (holding that an investigatory stop in a high-crime area based on a 911 call stating that the defendant possessed a gun was reasonable); *Valentine*, 232 F.3d at 352, 356-57 (upholding an investigatory stop in a high-crime area based on a face-to-face tip that the informant had "just seen a man with a gun").